UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

COMMUNITY ASSOCIATION UNDERWRITERS
OF AMERICA, INC. a/s/o Woodridge Park
Homeowners Association Ltd.

                     Plaintiff,

    v.

RAUSCHER HORTICULTURAL, LLC,

                     Defendant.
_____

**DECISION
and
ORDER**

**20-CV-550S(F)**

APPEARANCES:        DE LUCA LEVINE, LLC
                            Attorneys for Plaintiff
                            DANIEL J. DE LUCA, of Counsel
                            Three Valley Square
                            Suite 220
                            Blue Bell, Pennsylvania 19422

                            RUPP, BAASE, PFALZGRAF, CUNNINGHAM LLC
                            Attorneys for Plaintiff
                            JEFFREY F. BAASE, of Counsel
                            424 Main Street, Suite 1600
                            Buffalo, New York  14202

                            BURGIO, CURVIN & BANKER
                            Attorneys for Defendant
                            HILARY C. BANKER, of Counsel
                            496 Main Street
                            Buffalo, New York  14202

      In this subrogation action seeking damages arising from a fire as a result of Defendant's negligence at the subrogor's apartment building, by papers filed March 14, 2022 (Dkt. 34), pursuant to Fed.R.Civ.P. 37(a), Plaintiff moves to compel Defendant to produce a representative deponent pursuant to Fed.R.Civ.P. 30(b)(6) ("Rule 30(b)(6)") and produce for deposition a testifying expert disclosed by Defendant in accordance

1

with Fed.R.Civ.P. 26(a)(2)(A) ("Plaintiff's motion"). In support, Plaintiff contends that despite having noticed Defendant's Rule 30(b)(6) deposition on April 2, 2021 (Dkt. 34-4 at 2), for May 12, 2021, which was subsequently adjourned, Dkt. 34-6 at 2, which resulted in a further Deposition Notice for Defendant's representative by Plaintiff on March 3, 2022, Dkt. 34-2, ¶ 20, Defendant refused such Notice asserting that Plaintiff's Rule 30(b)(6) Notice was untimely. Dkt. 36 ¶ 2. For a similar reason Defendant has rejected Plaintiff's Deposition Notice of Defendant's Expert, Jenna Jagodzinski ("Jagodzinski"), asserting Plaintiff's failure to timely request such deposition as provided by Fed.R.Civ.P. 26(b)(4)(A) ("Rule 26(b)(4)(A)") following Defendant's service in October 2020 (the exact date is not provided) of Jagodzinski's initial report in accordance with Rule 26(a)(2)(B) on the key issue of causation ("first report"), waived Plaintiff's entitlement for such deposition. In further opposition to Plaintiff's motion seeking an order compelling Defendant produce Jagodzinski for a Rule 26(b)(4)(A) deposition. Defendant asserts that although Plaintiff subsequently served a further Rule 26(a)(2)(B) report dated February 14, 2022 ("second report"), such report did not re-trigger Plaintiff's entitlement to depose Jagodzinski. Defendant asserts Plaintiff could have timely deposed Jagodzinski on the basis of her first report despite Plaintiff's contention that the October 2020 report did not sufficiently accord with the requirements of Rule 26(a)(2)(A), (B). In response, Plaintiff argues that a perusal of Jagodzinski's first and second reports, October 2020 and February 2022, demonstrates there is significant differences between them contrary to Defendant's assertion that the second report differs from that of the first report only in "layout." Dkt. 36 ¶ 15.

(1)     <u>Plaintiff's Rule 30(b)(6) Deposition Request</u>.

Rule 30(b)(6) permits a party to depose an organization's representative.  The Rule does not specify a time limit for such deposition requiring only that the notice provide reasonable notice together with a statement of the subject matter to be covered.  *See Keepers, Inc. v. City of Milford*, 807 F.3d 24, 31-32 (2d Cir. 2015) (discussing that Rule 30(b)(6) permits a party to depose an organization by serving a notice of deposition that reasonably describes the matters to be examined).  Here, Defendant argues Plaintiff failed to serve a timely Rule 30(b)(6) notice.  However, the record indicates Plaintiff in fact provided such notice on April 2, 2021, Dkt. 34-4 at 2, and Defendant does not argue the notice failed to otherwise comply with Rule 30(b)(6).  Subsequently, on March 3, 2022, Plaintiff re-noticed the deposition and the deposition of another Defendant's expert; Defendant, however, refused the Plaintiff's Rule 30(b)(6) notice asserting "You [Plaintiff] never served a notice [for Defendant's Rule 30(b)(6) deposition]."  Dkt. 34 ¶ 23.  On March 4, 2022, Plaintiff also requested the deposition of Jagodzinski, discussed below, Dkt. 34 at 24, which, as noted, Defendant also refused.  *Id.* ¶ 25.  Plaintiff's deposition request was timely as according to the Third Amended Scheduling Order, discovery was to conclude March 3, 2022.  Dkt. 33.  Plaintiff's motion was also filed timely.  *See* Dkt. 33 (setting March 14, 2022 as the last date for motions to compel).  Significantly, other than a likely short extension of time for completion of discovery by conducting the depositions at issue, Defendant points to no significant prejudice it will incur if Plaintiff is permitted to compel Defendant's Rule 30(b)(6) deposition at this time.  *See also Montgomery v. New York City Transit Authority*, 806 Fed.Appx. 27, 30 (2d Cir. 2020) ("'A district court has broad discretion to manage pre-

trial discovery . . . .'" (quoting *Wood v. F.B.I.*, 432 F.3d 78, 84 (2d Cir. 2005))). Defendant cites to no authority to the contrary. Thus, the court finds Plaintiff's motion should be GRANTED with respect to this issue.

(2)     <u>Jagodzinski Expert Deposition</u>.

Rule 26(b)(4)(A) permits a party to depose another party's disclosed testifying expert. Other than a restriction to deposing the expert after service of the expert's report, the rule does not limit the time-period within which to depose the expert regarding the report at issue. *See In re Amla Litigation*, 328 F.R.D. 127, (S.D.N.Y. 2018) (granting defendant's motion to depose plaintiff's expert after plaintiff's expert's report was untimely disclosed). Moreover, an opposing party may be entitled to a second deposition where a supplemental report is served in order to explore new opinions and provide in such report. *See In re Chicago Bridge & Iron Company N.V. Securities Litigation*, 2019 WL 6879321, at * 1 (S.D.N.Y. Dec. 16, 2019) (granting defendants request to depose plaintiff's expert twice including after the plaintiff's expert's initial report and again after the plaintiff's expert's supplemental report). Moreover, as here, a comparison of the two reports filed by Jagodzinski indicates several subject areas relevant to whether the spontaneous combustion of mulch was the cause of the fire.

Jagodzinski's first report differs from the second report in several potentially material respects. Specifically, in the first report I there is no statement of the expert's methodology, *see* Dkt. 34-3 (*passim*), whereas in the second report a detailed methodology is provided. *See* Dkt. 34-13 at 3-5. Second, the first report provides a brief statement of Mulch Ignition Research, *see* Dkt. 34-3 at 13, whereas in the second

report a significantly more extended discussion of this subject appears, *see* Dkt. 34-13 at 14-15, including an extended discussion of the issue of chemical reaction which does not appear in the first report.  *See* Dkt. 34-3 at 14.  This subject is particularly relevant to the merits as Plaintiff contends Defendant's improper installation of mulch on the subject property resulted in the fire damage at issue in this case through spontaneous combustion of the mulch.  Third, the first report fails to reference National Fire Protection Association Guide for Fire and Explosion Investigations, NFPA 921, 2021 edition ("NFPA 921"), relating to the issue of Fire Dynamics, whereas this subject is addressed in the second report.  *Compare* Dkt. 34-3 at 1 *with* Dkt. 34-13 at 5.  Fourth, the first report I contains no reference to NFPA 921, but references the Guide for Fire and Explosion Investigation or NFPA 1033 (NFPA 1033 facilitates safe, accurate investigations by specifying the job performance requirements necessary to perform as a fire investigator in both the private and public sectors).  These variations are sufficient to justify Plaintiff's request whether or not, the second report is considered as a supplement to the first report.  Significantly, Defendant cites no authority in support of its opposition to Plaintiff's request.  *See* Dkt. 36 (*passim*).

       Thus, the court finds, contrary to Defendant's contention, Plaintiff has not waived any rights under Rule 26(b)(4)(A), and is, therefore, entitled to depose Ms. Jagodzinski on both the October 2020 and the February 2022 Reports served by Defendant in this case.  Accordingly, Plaintiff's motion on this issue should also be GRANTED.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. 34) is GRANTED.

SO ORDERED.

                                              /s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dates:   June 2nd, 2022
             Buffalo, New York